UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARY FLUTE, SR.,<br><br>Defendant. | 3:02-CR-30017-CBK<br><br>ORDER REGARDING MOTION FOR REDUCTION OF SENTENCE |

Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 of the Federal Sentencing Guidelines. Defendant was sentenced on February 26, 2003, to a total sentence of 372 months imprisonment for two counts of sexual abuse of a minor, incest, and two counts of aggravated sexual abuse of a child. Defendant's total offense level was 40 and, together with a criminal history category of II, his guideline range was 324 - 405 months.

Part A of Amendment 821 amended, retroactively the "status points" provisions of U.S.S.G. § 4A1.1. Formerly, two criminal history points were assigned pursuant to § 4A1.1(d) if the defendant committed the offense while defendant was under any criminal justice sentence. The amendment reduced the number of status points to one and, pursuant to § 4A1.1(e), only applies if the defendant has seven or more criminal history points before application of status points. Defendant was not assigned status points so Part A does not afford defendant any relief.

Part B, Subpart 1 of Amendment 821 created a new guideline at U.S.S.G. § 4C1.1 which retroactively provides for a decrease in offense level for certain "zero-point" offenders who received no criminal history points and whose offense did not involve certain aggravating factors. Defendant was assigned three criminal history points. Defendant was not a zero-point offender so Part B, Subpart 1 does not afford defendant any relief.

Part B, Subpart 2 of Amendment 821 implemented 28 U.S.C. § 994(j), revising the Commentary to § 5C1.1 (Imposition of a Term of Imprisonment). Application Note

10 now suggests that, if the defendant received an adjustment under 4C1.1 for being a zero-point offender, and his applicable guideline range is in Zone A or B, a sentence other than imprisonment is generally appropriate. Defendant was not a zero-point offender and his guideline range was not in Zone A or B. Part B, Subpart 2 does not afford defendant any relief.

Part B, Subpart 3 of Amendment 821 amended § 4A1.3(b)(2)(A) to prohibit a criminal history departure below the lower limit of the guideline range for offenders in Criminal History Category I. Part B, Subpart 3 is not applicable to defendant.

Part C of Amendment 821 revised the Commentary to § 4A1.3 to include sentences resulting from simple possession of marijuana for personal use offenses as an example of when a criminal history downward departure may be warranted. Part C is not retroactive. Part C is not applicable to defendant.

I find that defendant does not qualify for a reduction pursuant to Amendment 821. Application of Amendment 821 does not affect defendant's criminal history category or his guideline sentencing range. Accordingly defendant is not entitled to a reduction in sentence.

Defendant contends in his motion for reduction of sentence that he is entitled to relief because his convictions and sentences are unreasonable and illegal. Defendant appealed his convictions and sentences to the United States Court of Appeals for the Eighth Circuit arguing that he did not receive a fair trial, that the evidence was insufficient to convict him, and that I abused my discretion in allowing the prosecutor to ask leading questions of the minor victims. The Eighth Circuit affirmed defendant's convictions and sentences. United States v. Flute, 363 F.3d 676 (8th Cir. 2004). The United States Supreme Court denied *certiorari*. Flute v. United States, 547 U.S. 1009, 126 S. Ct. 1479, 164 L. Ed. 2d 257 (2006).

Defendant filed a motion to vacate his convictions and sentences which was denied after an extensive initial review as to all claims except as to three claims related to ineffective assistance of counsel. United States v. Flute, No. CR 02-30017, 2008 WL 649139 (D.S.D. 2008). Following referral to United States Magistrate Mark A. Moreno, I adopted the report and recommendation and denied the motion to vacate on the remaining claims on the merits. United States v. Flute, No. CIV 07-3010, 2010 WL 545416 (D.S.D. 2010). Defendant filed an appeal but both this Court and the Court of appeals denied a certificate of appealability. Defendant filed

a motion for rehearing which was denied. The United States Supreme Court denied defendant's petition for a writ of *certiorari*. Flute v. United States, 563 U.S. 953, 131 S. Ct. 2135, 179 L. Ed. 2d 922 (2011). Defendant filed a petition for rehearing, which the Supreme Court denied. Flute v. United States, 564 U.S. 1031, 131 S. Ct. 3052, 180 L. Ed. 2d 868 (2011).

Defendant filed a petition with the Eighth Circuit to file a second or successive habeas petition, which was denied on October 26, 2011. Defendant filed another petition with the Eighth Circuit to file a second or successive habeas petition, which was denied on June 27, 2014. Defendant filed a third petition to file a second or successive habeas petition which was denied on August 18, 2018.

Defendant's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 of the Federal Sentencing Guidelines is yet another attempt to relitigate the propriety of his convictions and sentences. He is not entitled to any relief herein.

Now, therefore,

IT IS ORDERED that the motion for reduction of sentence, Doc. 190, is denied.

DATED this 14th day of July, 2024.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge